UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

HYMAN ENTERPRISES LLC
ULTRAWELLNESS LLC and
MARK HYMAN, M.D.

                  Plaintiffs,

   -against-

NATURAL SHERPA LLC
MARCUS STOCKMAN and
JEFFREY RADICH,

                 Defendants.

**COMPLAINT**

Civil Action No.

---

     Plaintiffs, Hyman Enterprises LLC, UltraWellness LLC and Mark Hyman, M.D., for their

Complaint herein, allege as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Nature of the Action

1.   This is an action for federal trademark infringement, federal false designation of origin,

common law unfair competition, violation of the right of publicity and breach of contract.

### Jurisdiction and Venue

2. The Court's jurisdiction is based on 15 U.S.C. §1121(a), 28 U.S.C. §§1131, 1332, 1338(a-b) and §1367(a).  Venue is proper in this District under 28 U.S.C. §§1391(b) and (c) and pursuant to the Agreement (as defined below).

### The Parties and their Businesses

3. Plaintiff Hyman Enterprises LLC is a Massachusetts limited liability company with its principal place of business at 45 Walker Street, Lenox Massachusetts 01240 ("HE").

4. Plaintiff UltraWellness LLC is a Massachusetts limited liability company with its principal place of business at 45 Walker Street, Lenox Massachusetts 01240 ("UW").  Hyman is the sole owner of UW.

5. Plaintiff Mark Hyman, M.D. is an individual residing at 1 Glendale Road, Housatonic, Massachusetts 10236 ("Hyman").  Hyman is the sole owner of HE.

6. Hyman is a medical professional in the field of functional medicine.  He is a recipient of the Linus Pauling Functional Medicine Award.

7. Hyman is the author of New York Times best-selling books including, without limitation, Ultrametabolism, The UltraSimple Diet, and The UltraMind Solution.  Within the United States, Hyman is well known in the fields of alternative and functional medicine.

8. Hyman owns and controls his name (the "Hyman Name").  HE has the right to authorize the use of the Hyman Name.  Hyman, HE and UW are collectively referred to herein as "Plaintiffs."

9. UW is the owner and federal registrant of the following ULTRAWELLNESS valid and subsisting trademarks: U.S. Registration Nos.: 3619749, 3709049, 3619750, 3619751, and 3775063 (the "Marks").

10. Hyman, UW and HE have promoted, marketed and sold various products and services in connection with the Marks and the Hyman Name including vitamins, supplements, and books, cds, dvds, information products and seminars on health topics (the "Hyman Products").

11. The Hyman Products have been promoted, marketed and sold using email advertising through websites including www.ultrawellness.com and www.drhyman.com.

12. As a result of the extensive use of the Hyman Name and Marks in connection with the Hyman Products, Plaintiffs have created recognized and respected brands and have generated extensive consumer goodwill in the Hyman Name and Marks. Plaintiffs exclusively enjoy the reputation and goodwill associated with the Hyman Name and Marks.

13. Upon information and belief, defendant Marcus Stockman an individual residing at 745 Arboretum Drive, Wilmington, North Carolina 28405 ("Stockman").

14. Upon information and belief, defendant Jeffrey Radich is an individual residing at 11107 261St Street, Chisago City, Minnesota 55013 ("Radich").

15. Upon information and belief, defendant Natural Sherpa LLC is a Delaware limited liability company with its principal place of business at 1121C Military Cutoff Road, #360, North Carolina, 28405 ("NHS") (Stockman, Radich and NHS are collectively referred to herein as "Defendants").

16. Upon information and belief Stockman and Radich each own a membership interest in NHS.

**The Agreements**

17. Stockman and Radich are former members of UW.

18. HE, UW, Hyman, Stockman and Radich, among others, entered into an agreement dated as of June 30, 2010 (the "Agreement").

19. In the Agreement, Stockman and Radich agreed not to initiate contact with customers and potential customers regarding the past and future operations of Hyman, HE and UW.

20. In the Agreement, Stockman and Radich agreed to keep the terms of the Agreement strictly confidential and not to disclose them.

21. Exhibit F to the Agreement is a non-compete agreement ("the Non-compete Agreement"). HE, UW, Hyman, Stockman and Radich, among others, entered into the Non-compete Agreement dated as of June 30, 2010.

22. In the Non-compete Agreement, Stockman and Radich agreed that for a period of two years, they and any entity in which they obtain a direct or indirect interest shall refrain from engaging in any business using the name of a medical professional involved in the field of functional medicine.

**The Mass E-Mail**

23. Upon information and belief, NHS owns and operates the website www.naturalhealthsherpa.com (the "Website").

24. On or about November 1, 2010, NHS, under the direction of Stockman and Radich, sent a promotional e-mail containing a Subject line "Special Note to UltraWellness Customers" (the "E-mail").  NHS appears in the Reply-To line of the E-Mail.

25. Upon information and belief, Defendants sent the E-Mail to over 290,000 e-mail addresses of customers and potential customers of Plaintiffs.

26. Defendants intentionally used UW's Marks and the Hyman Name without authorization in their E-Mail to promote their own services and products offered through their Website.

27. Defendants' conduct – promoting its health information services and products in connection with UW's ULTRAWELLNESS Marks and the Hyman Name – is likely to confuse consumers as to the source of origin of Defendants' services and products.

28. Defendants' conduct – promoting its health information services and products in connection with UW's ULTRAWELLNESS Marks and the Hyman Name – has caused confusion among consumers as to the source of origin of Defendants' services and products.

29. Consumers of Defendants' health information services and products are likely to believe and have believed that Defendants' services and products originate from, are sponsored by or are somehow associated with Plaintiffs.

30. Defendants initiated its conduct despite possessing actual knowledge of Plaintiffs' ULTRAWELLNESS Marks and federal registrations and the Hyman Name.

31. Defendants engaged in such conduct willfully, intentionally and knowingly disregarding Plaintiffs' rights.

32. Defendants refer to the past and future operations of Hyman and the past operations of UW in the E-Mail without authorization.

33. Defendants refer to the terms of the Agreement in the E-Mail without authorization.

34. The wrongful activities of Defendants alleged herein have damaged Plaintiffs and continue to damage Plaintiffs and have unjustly enriched Defendants to the detriment of Plaintiffs.

35. The wrongful activities of Defendants alleged herein have irreparably harmed and continue to irreparable harm Plaintiffs, and will continue unless enjoined by this Court.

## COUNT I
### (Trademark Infringement)

36. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 35 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

37. Defendants' use and continued use of the ULTRAWELLNESS Marks is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of the Hyman Products.

38. Defendants' use and continued use of the ULTRAWELLNESS Marks is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Defendants' products.

39. Defendants' use and continued use of the ULTRAWELLNESS Marks is likely to cause the public wrongly to associate the Plaintiffs with the Defendants and to believe that Plaintiffs are somehow affiliated or connected with Defendants.

40. Defendants' conduct – promoting, distributing and/or selling health information products in connection with the ULTRAWELLNESS Marks – constitutes federal trademark infringement under 15 U.S.C. §1114(1).

41. Plaintiffs have no adequate remedy at law.


## COUNT II
### (Federal Lanham Act False Designation of Origin)

42. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 41 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

43. Defendants' use and continued use of the Hyman Name is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of the Hyman Products.

44. Defendants' use and continued use of the Hyman Name is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Defendants' products.

45. Defendants' use and continued use of the Hyman Name is likely to cause the public wrongly to associate the Plaintiffs with the Defendants and to believe that Plaintiffs are somehow affiliated or connected with Defendants.

46. Defendants' conduct – promoting, distributing and/or selling its health information products and services in connection with the Hyman Name – constitutes federal false designation of origin under 15 U.S. C. §1125(a).

47. Plaintiffs have no adequate remedy at law.

**COUNT III**
**(State Law – Right of Publicity)**

48. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 47 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

49. Defendants' use of the Hyman name without Hyman's consent constitutes of violation of Hyman's right to publicity as set forth in M.G.L.A. 214 §3A.

50. Plaintiffs have no adequate remedy at law.

**COUNT IV**
**(Trademark Infringement –Common Law)**

51. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 50 of their Complaint with the same force and effect as if the same were fully set forth at length herein.

7

52. Defendants' conduct – promoting, distributing and/or selling health information products in connection with the ULTRAWELLNESS Mark – constitutes trademark infringement under the laws of the Commonwealth of Massachusetts.

53. Plaintiffs have no adequate remedy at law.

## COUNT V
### (Unfair Competition – Common Law)

54. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 53 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

55. Defendants conduct – promoting its health information services and products in connection with the Hyman Name – constitutes unfair competition under the laws of the Commonwealth of Massachusetts.

56. Plaintiffs have no adequate remedy at law.

## COUNT VI
### (State Law – Unfair Competition)

57. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 56 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

58. Defendants' conduct – promoting, distributing and/or selling health information products in connection with the ULTRAWELLNESS Mark – constitutes unfair competition and deceptive trade practices under M.G.L.A. 93A §2.

59. Defendants' conduct has caused damages and irreparable harm to Plaintiffs.

## COUNT VII

### (State Law – Unfair Competition)

60. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 59 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

61. Defendants conduct – promoting its health information services and products in connection with the Hyman Name – constitutes unfair competition and deceptive trade practices under M.G.L.A. 93A §2.

62. Defendants' conduct has caused damages and irreparable harm to Plaintiffs.

## COUNT VIII

### (Breach of Contract)

63. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 62 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

64. Pursuant to the Agreement, Defendants agreed not to initiate contact with, *inter alia*, customers and potential customers regarding the past or future businesses of the others.

65. In their E-mail, Defendants refer to the past and future operations of Hyman and UW in violation of the Agreement.

66. By reason of the foregoing, Defendants have breached the Agreement and the covenant of good faith and fair dealing contained in the Agreement.

67. Defendants' conduct has caused damages and irreparable harm to Plaintiffs.

## COUNT IX

### (Breach of Contract)

68.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 67 of the with the same force and effect as if the same were fully set forth at length herein.

69.     Pursuant to the Agreement, Defendants agreed to keep the terms of the Agreement strictly confidential.

70.     In their E-mail, Defendants refer to the terms of the Agreement in violation of the Agreement.

71.     By reason of the foregoing, Defendants have breached the Agreement and the covenant of good faith and fair dealing contained in the Agreement.

72.     Defendants' conduct has caused damages and irreparable harm to Plaintiffs.

### COUNT X
### (Breach of Contract)

73.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 72 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

74.     Pursuant to the Non-compete Agreement, Defendants agreed, *inter alia*, to refrain from engaging in businesses using the name of a medical professional involved in the field of functional medicine.

75.     Hyman is a medical professional involved in the field of functional medicine.

76.     In their E-mail, Defendants refer to Hyman and his business at least four different times in violation of the Non-compete Agreement.

77.     By reason of the foregoing, Defendants have breached the Non-compete Agreement and the covenant of good faith and fair dealing contained in the Non-compete Agreement.

78.  Defendnats' conduct has caused damages and irreparable harm to Plaintiffs.

**COUNT XI**
**(Prima Facie Tort)**

79.  Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 78 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

80.  Defendants' use of the Hyman Name and the ULTRAWELLNESS Marks in their E-mail was without just cause.

81.  Defendants sent the E-mail with the intent to injure Plaintiffs.

82.  As a result of the E-mail, Plaintiffs have been damaged.

**COUNT XII**
**(Indemnity for Attorneys Fees)**

83.  Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 82 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

84.  Pursuant to the Agreement, Defendants agreed to indemnify Plaintiffs for, *inter alia*, attorneys' fees that may be incurred by Plaintiffs by reason of any litigation related to the Agreement or any Exhibit thereto for breaches of the Agreement by Defendants.

85.  By reason of the foregoing, Defendants are liable to Plaintiffs for attorneys' fees incurred in connection with this action.

## COUNT XIII
### (Attorneys Fees)

86.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 85 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

87.    Pursuant to the Non-compete Agreement, Defendants agreed to pay costs and attorneys' fees incurred by Plaintiffs in establishing a breach of the Non-compete Agreement.

88. By reason of the foregoing, Defendants are liable to Plaintiffs for costs and attorneys' fees incurred in connection with this action.


**WHEREFORE**, Plaintiffs respectfully requests this Court to enter judgment against Defendants as follows:

1.    Granting an injunction temporarily, preliminarily and permanently enjoining Defendants from the use of the ULTRAWELLNESS Marks;

2.    Granting an injunction temporarily, preliminarily and permanently enjoining Defendants from the use of the Hyman Name;

3.    Granting an injunction temporarily, preliminarily and permanently enjoining Defendants from the operation of their Website;

4.    Banning Defendants from the use of the name Natural Health Sherpa;

5.    Granting an award of Defendants' profits and a trebling therof;

6.    Granting an award of Plaintiffs' damages and a trebling thereof;

7.    Granting Plaintiffs' exemplary and punitive damages;

8.    Granting Plaintiffs' costs and reasonable attorney's fees; and

9.     Awarding such other and further relief as the Court may deem just and proper.

Dated: November 5, 2010

Paul C. Rapp, Esq.
Mass BBO #653858
Attorneys for Plaintiffs
348 Long Pond Road
Housatonic, MA 01236
Telephone (413) 553-3189